25CA0633 Peo in Interest of DLT 09-04-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0633
Weld County District Court No. 24JV25
Honorable W. Troy Hause, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of D.L.T., a Child,

and Concerning A.T.,

Appellant.

---

JUDGMENT AFFIRMED

Division A
Opinion by JUDGE BERNARD*
Román, C.J., and Berger*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 4, 2025

---

Bruce T. Barker, County Attorney, David S. Anderson, Assistant County Attorney, Greeley, Colorado, for Appellee

Josi McCauley, Guardian Ad Litem

Robin Tieman, Office of Respondent Parents' Counsel, Boulder, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    This is a dependency and neglect case.  A father, A.T., appeals the judgment terminating his parent-child legal relationship with his child, D.L.T.  We affirm.

## I.    Background

¶ 2    The Weld County Department of Human Services received a report that the child's mother had tested positive for illegal substances and that the newborn child was experiencing withdrawal symptoms.  For the first seven weeks of the child's life, father and mother voluntarily worked with the department.  The department then filed a petition in dependency and neglect, alleging father and mother were not following the agreed-upon safety plan.

¶ 3    The juvenile court adjudicated the child dependent and neglected, and it adopted treatment plans for both parents.  As is pertinent to our analysis, the court ordered father to complete mental health and substance abuse evaluations, comply with court orders in his criminal cases, and establish a bond with the child through regular family time.

¶ 4    The department later asked the juvenile court to terminate father's and mother's parental rights.  One year after the petition was filed, the court terminated their parental rights following a

contested hearing.  Only father has appealed the termination judgment.

## II.  Ineffective Assistance of Counsel

¶ 5    Father's sole claim on appeal is his counsel was ineffective because counsel did not present evidence at the termination hearing showing father had been complying with his treatment plan.  We disagree.

### A.  Relevant Law and Standard of Review

¶ 6    To successfully make an ineffective assistance of counsel claim in a dependency and neglect case, a parent must show (1) counsel's performance was outside the wide range of professionally competent assistance, and (2) the parent was prejudiced by counsel's errors. *A.R. v. D.R.*, 2020 CO 10, ¶ 48; *People in Interest of C.H.*, 166 P.3d 288, 291-92 (Colo. App. 2007).  Such a claim must allege facts with sufficient specificity, including, for example, the expected names of witnesses to be called, the expected substance of their testimony, and a clear explanation of how their testimony would show trial counsel's performance was outside the wide range of professionally competent assistance.  *A.R.*, ¶ 48.

¶ 7     To demonstrate prejudice, the parent must show a reasonable probability that, but for counsel's deficient performance or unprofessional errors, the outcome of the proceeding would have been different.  *Id.* at ¶ 60.

¶ 8     If the parent's allegations lack sufficient specificity, we may summarily deny the ineffective assistance claim.  *See C.H.*, 166 P.3d at 291.  In other words, a remand for an evidentiary hearing is only required if the parent's allegations are sufficiently specific and compelling to constitute a prima facie showing of ineffective assistance of counsel.  *Id.*

## B.     Analysis

¶ 9     We conclude, for the following reasons, that father has not raised sufficiently specific or compelling allegations to constitute a prima facie showing of ineffective assistance of counsel warranting a remand for a hearing.  *See C.H.*, 166 P.3d at 291.

¶ 10    At the termination hearing, father's counsel elicited testimony from the caseworker establishing father was participating in services required by his community corrections sentence, including employment, monitored sobriety, mental health treatment, and substance abuse groups.  This evidence was uncontested.  In

3

addition to cross-examining witnesses, counsel made a closing statement.

¶ 11     Father does not explain how these actions were outside the wide range of professionally competent assistance or how — without father's engagement, assistance, or direction — more could reasonably be expected of his counsel.  *See A.R.*, ¶¶ 48, 60.  For example, father did not appear at the termination hearing, and he had not been in regular contact with either the department or with his counsel for many months.

¶ 12     Importantly, it was father's lack of a relationship with the child — not the lack of testimony demonstrating his participation in services through community corrections — that prompted the juvenile court to find he had not complied with the treatment plan. § 19-3-604(1)(c)(I), C.R.S. 2024; *see also People in Interest of A.N-B.*, 2019 COA 46, ¶¶ 29, 31.  True, the court noted father's absence from the termination hearing, characterizing it as a choice "not to present that evidence to the [d]epartment or to appear today and present that evidence to the court."  But the court went on to say, with record support, "more importantly, he has no relationship with the child.  He's had only two virtual visits since this case has been

4

filed. He has absolutely no relationship, no bond with the child, and he frankly is a stranger to this child."

¶ 13 Father does not point to any witnesses or evidence related to his relationship with the child that counsel could have, but did not, present to the juvenile court. *See C.H.*, 166 P.3d at 291. In fact, the caseworker testified there were no family time providers assigned to father's case because he had not attended any family time opportunities after moving to community corrections. The caseworker testified father had "only seen the child twice during the history of the case," both times via a virtual hookup while he was in the county jail.

¶ 14 The caseworker testified father "did the best that he could" during those two virtual visits, which were challenging because the child was an infant. Nonetheless, the caseworker said she did not "have any knowledge of how [father's treatment] reflects into his parenting as he has not seen [the child] throughout this case."

¶ 15 It was not counsel's fault that father did not develop a relationship with the child or engage in family time. *See People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011)(it is a parent's responsibility to engage in the services necessary to regain

fitness). And father only provides a general assertion of prejudice, unaccompanied by alleged facts, that, but for counsel's allegedly deficient performance, there was a reasonable probability the outcome of the termination hearing would have been different. *See People in Interest of R.J.B.*, 2021 COA 4, ¶ 35 (we won't consider a "bald assertion without argument or development").

¶ 16    The judgment is affirmed.

CHIEF JUDGE ROMÁN and JUDGE BERGER concur.